## NEW YORK CIRCUIT.
### June 5, 1845.
### Before Edmonds, Circuit Judge.

PLINY ALLEN v. JARED W. SPENCER AND ANOTHER.

Possession by an agent, servant or warehouse keeper, acting under the authority of a party having a lien, is sufficient to preserve the lien.

Change of possession, effected by force or fraud, will not invalidate a lien.

Continued possession is only essential as between the person having the lien and third parties.

As between the immediate parties the lien may continue after change of possession.

In the latter case the question to be determined is not whether the party has yielded up possession, but whether he has voluntarily surrendered or abandoned his lien.

THIS was an action of replevin for eight bales of fleece wool. The cause was tried before KENT, Circuit Judge, November 16, 1844, and a verdict rendered for the plaintiff. The defendants moved for a new trial on a case made.

In March, 1842, the defendants hired from Gray & Co. part of a store, the whole of which was on lease to the latter. The defendants claimed that the attic was included in the demise to them by Gray & Co., which fact was disputed by the plaintiff. A short time after this subletting one of the firm of Gray & Co. died, and the partnership thereby became dissolved, and, on investigation, proved to be insolvent. In August following the landlord applied on the premises for the rent due on the lease to Gray & Co., when he was requested by the plaintiff and other under-tenants occupying the store, to make them his tenants, and to take from each his share of the aggregate rent. He agreed to do so, and to regard the plaintiff as his tenant of one room or office, a person named Wheeler as tenant of another office, and the defendants as tenants of the residue of the store, including the attic.

The wool in question, which had been consigned to the plaintiff, was stored in the attic till the following May, when

the whole store was rented to another firm, and all of the former tenants removed.

The defendants, on quitting, left some property in the store, among the rest this wool which was in the attic, and they requested the incoming tenants not to allow it to be removed without their, the defendants, being informed.

Before the 1st of May the new tenants had leased the attic to the plaintiff from that day to the first of July, but it did not appear that the defendants were apprised of this letting. After the 1st of May the defendants removed the wool and their other property from the attic to their new store, and the plaintiff then brought this action of replevin for the wool. The defendants claimed a lien for storage and defended on that ground.

At the trial the circuit judge submitted to the jury as a question of fact, whether the defendants were lessees of the attic; and charged that if they were they had a lien for storage; and also that if the jury should find that the plaintiff obtained possession of the wool, by renting the attic from the new tenants of the store without the knowledge of the defendants, the lien of the latter was not thereby lost or destroyed.

The jury found a verdict for the plaintiff.

*A. Crist*, for the defendants, moved for a new trial, on the following grounds, among others:

1. The defendants were lessees of the loft when the wool was stored, and had a lien for storage.

2. The only question which should have been submitted to the jury, was whether the defendants, when they quitted the premises, leaving the wool in the loft, intended to surrender their lien.

*R. W. Townsend, contra*, insisted:

1. That the plaintiff, and not the defendants, was the lessee of the loft.

2. That the plaintiff having obtained possession of the loft, after the 1st of May, 1843, after the defendants had quitted,

and before they had removed the wool, he had so divested them of their possession as to destroy their lien. (*Grosvenor* v. *Phillips*, 2 Hill, 147; *Grinnel* v. *Cook*, 3 id. 485; *McFarland* v. *Wheeler*, 26 Wend. 467; *Salters* v. *Everett*, 20 id. 268; *Clennen* v. *Davidson*, 5 Binney, 392.)

*The Circuit Judge:* I think the jury erred in finding that the plaintiff was the lessee of the attic. The only evidence to support that finding is an expression of a wish by the plaintiff that Gray, when subletting to the defendants, would reserve the attic; but whether it was to be reserved to Gray & Co., or to the plaintiff, the case does not show, nor does it show whether any reservation was in fact made by Gray & Co. On the other hand, it is very clearly made out, by the testimony of the landlord, that on the first of August the old lease to Gray & Co. was regarded on all hands as abrogated by the death of Gray, and the insolvency of the firm; and a new letting was made, whereby, after parceling out the offices to plaintiff and another, the whole residue of the building, including the attic, was let to the defendants. They were, therefore, from the first of August until the following May, the lessees of the attic, and entitled to their lien for the storage.

It is, however, insisted by the plaintiff that the lien of the defendant was destroyed; and in this regard it appears to me the verdict of the jury was clearly against the charge of the court and against law.

It is true that possession is essential to a lien, but that need not be always the direct and actual possession of the creditor; that of his agent, servant, or the keeper of a warehouse acting under his authority, is regarded as his own. (*McFarland* v. *Wheeler*, 26 Wend. 474.) And in cases where the party is deprived of his possession by force or fraud, or against his will, the lien is not lost. (*Grinnel* v. *Cook*, 3 Hill, 485.) So too as between the claimant and the owner, the lien may continue even after the possession is changed. (26 Wend. 474.)

It is only between the claimant and third persons that con-

tinued possession is essential, because possession by the owner might enable him to defraud others ignorant of the lien. As between the owner and the holder of the lien, possession is by no means essential, except when, by surrendering the possession, the claimant can be fairly understood to have surrendered his lien; and then the question is not whether he has yielded his possession, but has he voluntarily surrendered his lien. Has he agreed to surrender it?—for until he has, it will not be in the power of his debtor to deprive him of it.

In this case the question is between debtor and creditor alone, and much of the law in regard to the continuance of possession cited is therefore inapplicable. The question for the jury was whether the defendants had so far voluntarily parted with the possession of the property as to warrant the conclusion that they intended thereby to abandon their lien. Of this there is no evidence whatever, but on the other hand the evidence is very clear, that the plaintiff obtained possession without the knowledge or consent of the defendants. It would be novel and extraordinary to allow a debtor, by possession thus obtained, to divest the creditor of his just claims.

The verdict, then, being against law and the charge of the court, must be set aside and a new trial granted, the costs to abide the event.